UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 17, 2018

LETTER TO COUNSEL

RE: *Sandra Benjamin v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1680

Dear Counsel:

On June 20, 2017, Plaintiff Sandra Benjamin petitioned this Court to review the Social Security Administration's ["SSA"] final decision to deny her claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 12, 13]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Benjamin filed a claim for Disability Insurance Benefits ("DIB") on March 4, 2014, alleging a disability onset date of January 6, 2014. (Tr. 220-21). Her claim was denied initially and on reconsideration. (Tr. 101-13, 115-28). A hearing was held on May 24, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 55-94). Following the hearing, the ALJ determined that Ms. Benjamin was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 20-43). The Appeals Council ("AC") denied Ms. Benjamin's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Benjamin suffered from the severe impairments of "Ehlers-Danlos syndrome, hypermobile joint syndrome, degenerative disc disease of the cervical and lumbar spine, uterine prolapse, plantar fasciitis, and chronic fatigue syndrome." (Tr. 23). Despite these impairments, the ALJ determined that Ms. Benjamin retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: the claimant can occasionally climb ramps and stairs;

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> occasionally climb ladders, ropes and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Benjamin could perform her past relevant work as a laboratory technician. (Tr. 41-42). Accordingly, the ALJ determined that Ms. Benjamin was not disabled. (Tr. 42).

Ms. Benjamin raises two primary arguments on appeal, namely: (1) that the ALJ erroneously relied upon the VE's testimony; and (2) that the ALJ erroneously assessed her RFC. Each argument is addressed below.

### I. The ALJ's Reliance on the VE's Testimony

First, Ms. Benjamin argues that the ALJ erroneously relied upon the VE's testimony to determine that she was capable of performing her past relevant work. Past work is relevant when "it was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565. At the hearing, the VE considered and individually classified Ms. Benjamin's prior jobs, specifically her employment as a teacher's aide, administrative assistant, art teacher, and laboratory technician. (Tr. 84-85). As Ms. Benjamin notes, the ALJ incorrectly cited "DOT#078.367-014" as the occupational code number for "laboratory technician."[2] (Tr. 42). It is quite apparent, however, that the ALJ intended to refer to the job title of "MEDICAL-LABORATORY TECHNICIAN," which is listed in Section 078.381-014 of the DOT. Importantly, Ms. Benjamin testified that, in 2006, she worked as a "lab tech" for four months. (Tr. 85). The VE mistakenly concluded that the Medical-Laboratory Technician position (DOT #078.381-014) had a Specific Vocational Preparation ("SVP") of level four, and that, as such, Ms. Benjamin's 2006 four-month stint was sufficient "to learn the skills to perform at that level[]" (SVP 4). (Tr. 84-86). The DOT provides, however, that the Medical-Laboratory Technician (DOT #078.381) position is classified as SVP "Level 5," thus requiring "[o]ver 6 months up to and including 1 year" of training." DOT, *Medical-Laboratory Technician*, job no. 078.381-014, *available at* 1991 WL 646827. The VE's testimony thus conflicts with the DOT.

In resolving an apparent conflict between the VE's testimony and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000); *see also Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016); ("[A] VE's testimony that apparently conflicts with the DOT can only provide substantial evidence if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the VE's testimony rather than the DOT.") (citation omitted); *Buckner-Larkin v. Astrue*, 450 F. App'x 626, 628-29 (9th Cir. 2011). Importantly, "[e]vidence from VEs . . . can include

---

[2] Number "078.367-014" is a nonexistent occupational code number. *See* Pl.'s Mem., [ECF No. 12-1 at 4].

information not listed in the DOT . . . [,] [but] available in other reliable publications, information obtained directly from employers, or from a VE's . . . experience in job placement or career counseling." SSR 00-4P, 2000 WL 1898704, at *2. Here, the ALJ failed to make any inquiry of the VE regarding her testimony's apparent conflict with the DOT. *See* (Tr. 83-94). Instead, the ALJ simply adopted the VE's mistaken conclusion that the Medical-Laboratory Technician (DOT #078.381) position was classified as SVP Level 4, and that, as such, Ms. Benjamin could perform her past relevant work as a laboratory technician. (Tr. 41-42) ("The [VE] further indicated the claimant had enough time to learn the skills for this job.").

Defendant's argument that the ALJ's reliance on the VE's flawed analysis constitutes harmless error is unavailing. *See* Def.'s Mem. 6-7. Specifically, Defendant contends that, because the VE also testified that Ms. Benjamin: (1) could perform her past relevant work as a general office clerk or an art teacher; and (2) could also perform jobs existing in significant numbers in the national economy, including those of unskilled office helper, non-postal mail clerk, and router clerk, that the ALJ's reliance on her previous position as a laboratory technician is harmless. While Defendant accurately recounts the VE's testimony as to these alternative jobs, the ALJ, nonetheless, failed to consider these positions, and based her findings solely on Ms. Benjamin's past work as a laboratory technician. *See* (Tr. 41-42). As such, remand is required, because the ALJ's ultimate determination that Ms. Benjamin was not disabled is based solely on the VE's flawed Medical-Laboratory Technician analysis and the ALJ's subsequent failure to probe its conflict with the DOT. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("In reviewing for substantial evidence, we do not . . . substitute our judgment for that of the [ALJ].") (alteration in original) (internal quotation marks and citation omitted). I cannot review a tentative finding that the ALJ failed to make. In remanding, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Benjamin is not entitled to benefits is correct.

## II. The ALJ's RFC Assessment

Next, Ms. Benjamin argues that the ALJ erroneously assessed her RFC by failing to: (1) adequately provide a narrative discussion; and (2) properly address her hand impairment. Ms. Benjamin's argument is without merit. Social Security regulations provide that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting SSR 96-8P, 1996 WL 374184, at *7 (1996)). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000). With respect to physical RFC, "[e]xertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." SSR 96-8p, 1996 WL 374184, at *5. Meanwhile, nonexertional capacity considers limitations not dependent on an individual's physical strength, including "postural (e.g., stooping, climbing), manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding

and remembering instructions and responding appropriately to supervision)[,]" activities. *Id.* at *6.

Contrary to Ms. Benjamin's assertions, the ALJ thoroughly addressed her limitations (including her alleged hand impairment), citing medical facts and non-medical evidence to support her RFC assessment. *See* (Tr. 28-41). Specifically, the ALJ noted Ms. Benjamin's: (1) January 2013 examination with Newbridge Spine and Pain Center, which concluded that she had a normal gait, full range of motion with minimal pain, full motor strength in all muscle groups of the upper and lower extremities, and appropriate range of motion of the shoulders, elbows, wrists, hands, hips, knees, feet, and ankles (Tr. 31, 378-79); (2) February 2014 examination with Arthritis and Rheumatism Associates ("ARA"), which demonstrated normal hands, ribs, and shoulders (Tr. 32, 591); (3) May 2014 internal consultative examination with the State Agency, which demonstrated normal arm strength and full grip strength (Tr. 35, 981); and (4) July 2014 follow up examination with ARA, which demonstrated normal gait, stance, and balance (Tr. 32, 987). The ALJ also cited the opinions of the State Agency Medical Consultants, who did not find any manipulative limitations (Tr. 37-78, 110, 126).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Benjamin's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported her conclusion pertaining to Ms. Benjamin's physical condition with substantial evidence. Remand is, therefore, unwarranted on this basis.

III. Conclusion

For the reasons set forth herein, Ms. Benjamin's Motion for Summary Judgment [ECF No. 12] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 13] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge